UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANILZA GONZALEZ,<br><br>                         Plaintiff,<br><br>     -against-<br><br>RETROSPEKT, LLC,<br><br>                         Defendant. | Case No. 23-cv-06824 (JLR)<br>**ORDER OF DISMISSAL** |

JENNIFER L. ROCHON, United States District Judge:

       Yanilza Gonzalez ("Plaintiff") filed this action on August 3, 2023. ECF No. 1. A copy of the complaint and summons were served on Retrospekt, LLC ("Defendant") on October 17, 2023. ECF No. 5. On October 18, 2023, the Court ordered the parties to meet and confer within thirty days of service of the summons and complaint, and to submit a joint status letter within an additional fifteen days. ECF No. 6. Since that order, the parties have not filed anything on the docket, communicated with the Court, or otherwise indicated the case is proceeding. On December 5, 2023, the Court extended to December 8, 2023 the deadline for the parties to update the Court on the status of the pending action. ECF No. 9. On December 11, 2023, the Court informed Plaintiff that if she did not submit a status letter or provide some other update by December 15, 2023, it would dismiss the case for failure to prosecute. ECF No. 10. As of today's date, Plaintiff has not responded to the Court's December 11, 2023 Order, nor has she otherwise indicated that she intends to pursue this action.

       Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d

Cir. 2001). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Plaintiff has made no effort to prosecute this litigation since serving Defendant over two and a half months ago. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases where delays of "several months" warranted dismissal). Plaintiff was given notice on December 11, 2023 that this action would be dismissed if she did not update the Court as to the status of the case, and she did not. ECF No. 10. And while there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Andretta v. City of New York*, No. 21-cv-5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted). Finally, in light of Plaintiff's failure to communicate with the Court, no other lesser sanction is suitable at this juncture.

Because the Court has not received any response from Plaintiff to its December 11, 2023 Order, including any indication that she intends to pursue this case, the instant action is dismissed

without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: January 2, 2024
       New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge